### THE NEW YORK TIMES COMPANY v. CLUB PRODUCTIONS INTERNATIONAL, Inc.

No. 76-1260.

Circuit Court, Orange County.

January 7, 1977.

Paul & Thomson, Miami, for the plaintiff.

Charles R. Trulock, Jr., Orlando, for the defendant.

PARKER LEE McDONALD, Circuit Judge.

*Final judgment for injunction:* This action came on for hearing before the court on December 14, 1976, upon plaintiff's motion for summary judgment. The court has examined the pleadings, the affidavits and all other documents filed. Defendant filed no affidavits in opposition to the motion. Considering the evidence

and after argument of counsel, the court finds that there is no genuine issue of material fact. The following facts appear undisputed —

1. The New York Times Company owns and publishes *The New York Times,* a newspaper widely distributed in Florida and throughout the United States and abroad.

2. The New York Times Company, either itself or through its affiliates or subsidiaries, publishes many publications, including ten different newspapers in the state of Florida, and a nation-wide news service which is used by a number of Florida newspapers in addition to plaintiff's Florida newspapers.

3. In these various publications, the New York Times Company regularly publishes articles about and evaluates lounges, restaurants, discotheques and other places of entertainment.

4. The New York Times Company adopted its present trademark for *The New York Times* printed in special typeface in 1857 and has continuously used it from that date.

5. The New York Times Company is the owner of a United States trademark Registration No. 227,904 and a Florida trademark Registration No. 916,282 for the name "The New York Times" in a distinctive typeface.

6. The New York Times Company has devoted its efforts, skill and large sums of money to establish and maintain the name "The New York Times" as well as the names of its other publications.

7. "The New York Times" trademark has become highly desirable and has acquired a secondary meaning denoting to the public the goods and services of the New York Times Company.

8. The New York Times Company did not give permission to Club Productions International, Inc. ("Club Productions") to use "The New York Times" trademark or a colorable imitation of such trademark.

9. Beginning in March 1975, Club Productions operated a nightclub-discotheque in Orlando, Florida under the name "M.J.'s New York Times."

10. The logo used by the discotheque operating under "M.J.'s New York Times" used typeface identical to that of "The New York Times" trademark. In the background appeared the New York City skyline.

11. Club Productions used various media for advertising its nightclub under the name "M.J.'s New York Times," including magazines, newspapers, signs as well as the radio.

12. During 1975, despite repeated requests by telephone and written correspondence from representatives of the New York Times Company for Club Productions to discontinue infringing on the trademark, Club Productions continued to use the name and typeface of *The New York Times.*

13. After the plaintiff's cease and desist demand defendant altered slightly the name of its discotheque to add an "e" to "York" and drop the "s" from "Times". The only other changes were also minor in nature and were directed to the style of the typeface — the number of "squiggles" present within each particular letter and the direction of the "flags" on each letter.

14. Club Productions currently advertises its discotheque as "M.J.'s New Yorke Time", through signs located on location and on highways as well as through the medium of radio.

Based on the foregoing, the court makes the following conclusions of law —

1. The registered trademark "The New York Times" is a valid trademark and the property of the plaintiff.

2. Defendant has intentionally infringed plaintiff's trademark by its use of the names "M.J.'s New York Times" and "M.J.'s New Yorke Time", both before and since the filing of the complaint.

3. Defendant has engaged in intentional unfair competition with plaintiff by its use of plaintiff's trademark or a colorable imitation thereof and thereby trading upon plaintiff's advertising, reputation, publicity, and goodwill, both before and since the filing of the complaint.

4. Defendant's continued use of the names "M.J.'s New York Times" and "M.J.'s New Yorke Time", both before and since the filing of the complaint, threatens to dilute the distinctive quality of plaintiff's trademark.

5. There are no material disputed facts and plaintiff is entitled to summary judgment and injunctive relief.

It is therefore ordered, adjudged and decreed —

1. Plaintiff's motion for summary judgment is granted.

2. Defendant, its directors, officers, agents, stockholders, servants, employees, and attorneys, and all those acting otherwise in privity or in concert with defendant, are immediately, permanently, and perpetually enjoined from —

    a. Using or otherwise infringing plaintiff's trademark "The New York Times" or any colorable imitation thereof;

30

b. Using the terms "M.J.'s New York Times" or "M.J.'s New Yorke Time" in any style of print or script, alone or in connection with any other term, or any words or letters which in any way imitate or simulate the trademark "The New York Times" in connection with any business or in connection with the sale of any goods or the rendering of any services;

c. Trading on the trademark, advertising, publicity, reputation or goodwill of plaintiff or otherwise engaging in unfair competition with respect to plaintiff by using the name "The New York Times" or any colorable imitation thereof or indicating in any way defendant has any connection with plaintiff.

3. Jurisdiction is reserved to determine any damages which plaintiff may be entitled to recover from defendant.